UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: WELLS FARGO FRAUDULENT
ACCOUNT OPENING LITIGATION                                          MDL No. 2766


ORDER DENYING TRANSFER


**Before the Panel:**[*] Plaintiffs in the District of Utah *Mitchell* action move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the District of Utah. Plaintiffs in the Northern District of California *Jabbari* action oppose centralization or, alternatively, support centralization in the Northern District of California. All other plaintiffs support centralization and variously support the District of Utah, the District of New Jersey, the Northern District of California, the Northern District of Alabama, the Middle District of Florida, or the Central District of California as transferee district. Defendants Wells Fargo Bank, N.A., and Wells Fargo & Company (together, Wells Fargo) ask the Panel to defer ruling on the motion until the Panel's May 2017 hearing session or, alternatively, to deny the motion. This litigation consists of eight actions pending in six districts.[1]

On the basis of the papers filed and hearing session held, we conclude that centralization is not necessary at this time for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. These actions share allegations that Wells Fargo employees used confidential information to open fraudulent accounts in customers' names to meet sales goals, and that Wells Fargo encouraged, knew of, or should have known of this practice. All actions allege overlapping putative nationwide or statewide putative class claims, and all cases will involve overlapping pretrial motions regarding class certification and arbitration. But the parties in the Northern District of California *Jabbari* action recently reached a nationwide class settlement in principle, a motion for preliminary approval of their proposed settlement is due in less than a month, and a hearing on the motion is set to take place in less than two months. At oral argument, counsel for the *Jabbari* plaintiffs represented that all interested parties will have the opportunity to object to or otherwise raise issues as to the adequacy of the proposed settlement in the Northern District of California. Centralization at this time could delay a class-wide settlement with little or no benefit to the parties and putative class members. *See, e.g., In re: JPMorgan Chase Bank, N.A., Mortg. Corp. Force-Placed Hazard Ins. Litig.*, 959 F. Supp. 2d 1372, 1373 (J.P.M.L. 2013).

---

[*] Certain Panel members who could be members of the putative classes in this docket have renounced their participation in these classes and have participated in the decision.

[1] The Panel has been notified of two additional related actions pending in the Central District of California and the Southern District of California.

-2-

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

**IN RE: WELLS FARGO FRAUDULENT
ACCOUNT OPENING LITIGATION**        MDL No. 2766

## SCHEDULE A

<u>Northern District of Alabama</u>

JEFFRIES, ET AL. v. WELLS FARGO & COMPANY, ET AL., C.A. No. 2:16-01987

<u>Central District of California</u>

FRIEDMAN, ET AL. v. WELLS FARGO BANK, N.A., ET AL., C.A. No. 2:16-07405

<u>Northern District of California</u>

JABBARI, ET AL. v. WELLS FARGO & COMPANY, ET AL., C.A. No. 3:15-02159
CHERNAVSKY v. WELLS FARGO BANK, N.A., ET AL., C.A. No. 3:16-06326
CASON, ET AL. v. WELLS FARGO BANK, N.A., ET AL., C.A. No. 3:16-07040

<u>Middle District of Florida</u>

STANTON v. WELLS FARGO & COMPANY, ET AL., C.A. No. 8:16-03318

<u>District of New Jersey</u>

BLANCHARD v. WELLS FARGO BANK, N.A., ET AL., C.A. No. 1:16-07509

<u>District of Utah</u>

MITCHELL, ET AL. v. WELLS FARGO BANK, N.A., ET AL., C.A. No. 2:16-00966